## LIVINGSTON a. OAKSMITH.

*Supreme Court, First District; Special Term, October,* 1861.

PLEADING JUDGMENT OR DETERMINATION OF COURT OR OFFICER.

In pleading an insolvent's discharge, it is not necessary, under the Code of Procedure, to state the facts conferring jurisdiction on the officer who granted it.

Demurrer to an answer setting up that defendant had been discharged in insolvency.

*T: Burwell*, for the plaintiff.

*B. F. Sawyer*, for the defendant.

LEONARD, J.—The Code provides (§ 161) that in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made.

In this case, it is alleged by the answer, that the Hon. A. D. Russell, then City Judge of the city of New York, duly made and granted to the defendant, then an insolvent and *inhabitant* of this State, a discharge from his debts, pursuant to the statute in such cases made and provided ; and said discharge, granted as aforesaid, is in the words and figures following, &c.,—and the discharge is then copied into the answer literally.

The plaintiff, relying upon the rule of pleading prevailing before the Code was adopted, has demurred to this answer, because of the omission to state the facts necessary to show that Judge Russell had jurisdiction to grant such discharge.

The rule of pleading in this respect has undergone a radical change.

It is no longer necessary, in pleading the determination of an officer of special or limited jurisdiction, to state the facts conferring jurisdiction. It is sufficient now to state that the determination of such officer has been duly given or made.

The answer is, therefore, in my opinion, sufficient.

The demurrer is overruled, with costs, to be paid by the plaintiff to the defendant.